IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MARCELLUS W. LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:21-cv-02355-JTF-atc |
| ) | |
| **DENIS MCDONOUGH, Secretary of** ) | |
| **Veterans Affairs,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court by Order of Reference is Defendant, Denis McDonough, Secretary of Veterans Affairs's (the "VA") Motion for Judgment on the Pleadings, filed on October 22, 2021.[1]  (ECF No. 14.)  Plaintiff Marcellus W. Lewis failed to timely respond to the Motion.  On December 15, 2021, this Court entered its Order to Show Cause, which required Plaintiff to show cause as to why the Motion should not be granted or to respond to the Motion by January 12, 2022.  (ECF No. 15.)  On December 21, 2022, Plaintiff filed a document captioned Response to Order to Show Cause, which consists of Plaintiff's Response to the Motion.  (ECF No. 16.)  On January 4, 2022, Defendant filed an objection to Plaintiff's Response, asserting that Plaintiff failed to comply with the Show Cause Order because he did not explain why he failed to timely respond to the Motion.  (ECF No. 18.)  However, the Show Cause Order allowed Plaintiff to

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

either explain his reasons for not timely responding or to simply file his Response to the Motion. Plaintiff elected the second option, such that Defendant's objection to Plaintiff's Response is not well taken.

For the following reasons, it is recommended that Defendant's Motion for Judgment on the Pleadings be granted and that Plaintiff's claims against Defendant be dismissed with prejudice.

## PROPOSED FINDINGS OF FACT

Lewis filed his Complaint on May 26, 2021, alleging claims against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (ECF No. 1.) Lewis's claims consist of alleged employment discrimination based on "reprisal, subjecting employee to retaliatory harassment, and failure to provide a Right of Notice on Reassignment" at his job at a Memphis location of the VA.[2] (*Id.* at 1–2.) For the purposes of this Report and Recommendation, the facts stated in the Complaint are accepted as true and "constru[ed] in the light most favorable to" Lewis. *Kimberlin v. Dollar Gen. Corp.*, 520 F. App'x 312, 313 (6th Cir. 2013) (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir.2001)).

The alleged discriminatory acts took place between November 29, 2019, and December 13, 2019.[3] (*Id.*at 2.) Lewis reported an issue about his co-worker Paul Fischer to his supervisor Debra Mayo on November 29, 2019. (*Id.*) Eleven days after reporting the issue to Mayo,

---

[2] The Court will construe Plaintiff's Title VII claims as a retaliation claim and a retaliatory hostile work environment claim. Plaintiff's allegation that Defendant "fail[ed] to provide a Right of Notice on Reassignment" constitutes the alleged adverse employment action and is not a separate Title VII claim.

[3] The latest specific date that Plaintiff mentions in the Complaint is December 13, 2019. (*Id.* at 2.) However, as discussed below, some of the events giving rise to the Complaint took place shortly after December 13th, including Plaintiff's initial contact with the VA's Equal Employment Opportunity ("EEO") Office of Resolution Management ("ORM") on December 16, 2019.

2

Fischer began documenting and reporting false allegations to Mayo about Lewis regarding his whereabouts while at work. (*Id.*) Fischer's documentation and reporting consisted of a calendar log of Lewis's whereabouts on December 10, 11, and 13, 2019. (*Id.*) As a result, Mayo interrogated Lewis about his whereabouts twice, and she retaliated against and threatened him in an email dated December 12, 2019. (*Id.* at 2–3.) The retaliatory adverse employment action consisted of reassigning Lewis from "NONCO PACT 12" to "NONCO PACT 04." (*Id.* at 3.) Lewis's reassignment was made without the proper notice or VA forms, and, according to Lewis, the reassignment was retaliation for his report about Fischer on November 29, 2019. (*Id.*) In his Complaint, Lewis does not allege discrimination based on his race, color, religion, sex, or national origin, and he does not allege that he is a member of a protected class recognized by Title VII. (*See generally id.*)

Lewis attached to his Complaint a letter from the VA's EEO Office entitled "Transmittal of Final Agency Decision," dated March 12, 2021.[4] (ECF No. 1-1.) This letter explains that Lewis could file a complaint in federal court to contest the VA's Decision within ninety days of his receipt of the letter. Lewis filed his Complaint on May 26, 2022, such that his Complaint was timely filed. (ECF No. 1.)

In the Motion, the VA argues that Lewis's Title VII claims must be dismissed because he failed to allege (1) that he engaged in activity protected by Title VII and (2) a causal connection between his Title VII-protected activity and the alleged adverse employment action.[5] (ECF No.

---

[4] The letter indicates that it included various enclosures, but those enclosures were not attached to the Complaint. As discussed below, the Final Agency Decision ("the Decision") that was transmitted by the March 12, 2021 letter concluded that Plaintiff failed to state a claim for discrimination under Title VII.

[5] The VA filed an Answer on July 30, 2021. (ECF No. 13.) In the Answer, the VA pleads that the Complaint fails to state a claim and that Lewis fails to establish a *prima facie* case for employment discrimination.

14.) The VA attaches two documents to the Motion: Lewis's formal EEO Complaint with ORM (ECF No. 14-1) and the Decision, dated March 31, 2021 (ECF No. 14-2), which was transmitted via the letter that Lewis attached as an exhibit to the Complaint (ECF No. 1-1.) The Court will consider these attachments here, as "a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion [for judgment on the pleadings], so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016).

Lewis's formal EEO Complaint is undated,[6] but it reflects an initial date of contact with ORM of December 16, 2019. (ECF No. 14-1, at 1.) In the EEO Complaint, Lewis alleged that he suffered discrimination consisting of reprisal and hostile work environment, which took place on November 29, 2019, and December 12, 2019. (*Id.*) The Decision reflects that Lewis's report to Mayo about Fischer involved allegations about Fischer's hygiene; that Mayo questioned Lewis about his whereabouts on December 11, 2019; and that Mayo reassigned Lewis to another office space effective December 16, 2019. (*Id.* at 2.)

In his Response to the Motion, Lewis does not rebut the VA's contention that he did not engage in Title VII-protected activity prior to the VA's allegedly discriminatory acts. (ECF No. 16.) Rather, Lewis alleges that he is a member of a protected class, based on medical accommodations that he requested and received from the VA in 2017. (*Id.* at 2.) Lewis attached multiple documents to his Response, including (1) emails from December 11 and 12, 2019, with Mayo and two other VA employees; (2) documents relating to Lewis's medical conditions and

---

[6] The Decision reflects that Lewis filed his formal EEO Complaint on February 18, 2020. (ECF No. 14-2, at 1.)

4

accommodations from the VA; (3) the calendar log on which Fischer allegedly documented Lewis's whereabouts; and (4) Lewis's formal EEO Complaint filing confirmation page, dated February 18, 2020.  (ECF No. 16-1.)  The Court will also consider these attachments for purposes of this Report and Recommendation.

As a result of the factual findings above, the Record before the Court for purposes of the Motion are the Complaint and its attachment (ECF Nos. 1, 1-1); Defendant's Answer (ECF No. 13); Defendant's Motion and its attachments (ECF Nos. 14, 14-1, 14-2); and Plaintiff's Response and its attachments (ECF Nos. 16, 16-1).  The Record contains no allegations or evidence that Plaintiff suffered discrimination based on his race, color, religion, sex, or national origin; that Plaintiff is a member of a Title VII-protected class; or that he engaged in Title VII-protected activity prior to Defendant's alleged discriminatory conduct.

## PROPOSED CONCLUSIONS OF LAW

**I.      Standard of review for judgment on the pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The standard of review for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6)."  *Biles v. Nationstar Mortg. LLC*, No. 2:17-cv-2625-SHM-tmp, 2018 WL 4494994, at *3 (W.D. Tenn. Sep. 19, 2018) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)).

To determine whether the Complaint states a claim for which relief may be granted under Rule 12(b)(6), the Court applies the standards articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader

is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf

of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**II.     Plaintiff's Title VII claims should be dismissed.**

Lewis brings claims for retaliation and retaliatory hostile work environment under Title VII. Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

    A.    <u>Retaliation Claim</u>

To establish a claim of retaliation, a plaintiff must show: "(1) that he engaged in a protected activity; (2) that the defendant had knowledge of his protected conduct; (3) that the defendant took an adverse employment action toward him; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) (quoting *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 381 (6th Cir. 2002)). "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in § 2000e–2(m). This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 359–60 (2013). For activity to be "protected" under Title VII for purposes of a retaliation claim, the activity must involve opposition to an unlawful employment practice under Title VII or making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a); *see also Collins v. Memphis Goodwill Indus., Inc.*, 489 F. App'x 901, 910 (6th Cir. 2012) (finding that complaints of feeling threatened that did not specifically reference alleged acts of Title VII discrimination or harassment did not amount to protected activity for purposes of a retaliation claim).

In this case, Lewis has failed to allege facts that might allow the Court to infer the first and fourth element of a Title VII retaliation claim. As noted above, the Record before the Court for purposes of the Motion is devoid of any allegations or evidence that Lewis suffered discrimination based on his race, color, religion, sex, or national origin; that he is a member of a Title VII-protected class; or that he engaged in Title VII-protected activity prior to the VA's

8

alleged discriminatory conduct. And all the alleged acts of discrimination by the VA took place before Lewis made his initial contact with ORM on December 16, 2022, such that the VA's actions could not have been in retaliation for any alleged EEO-related conduct. Lewis appears to suggest that he is a member of a protected class because he requested and received a medical accommodation from the VA. (ECF No. 16, at 2.) However, receipt of a medical accommodation, even if it is based on a disability, is not relevant to the Title VII analysis. Lewis simply has failed to plead that he engaged in any Title VII-protected activity prior to the VA's alleged discriminatory conduct, such that his retaliation claim should be dismissed.

B.     Retaliatory Hostile Work Environment Claim

To establish a claim of retaliatory hostile work environment, a plaintiff must show: "(1) []he is a member of a protected class; (2) []he received unwelcome retaliatory harassment; (3) the harassment was due to [his] prior protected activity; (4) the harassment resulted in a hostile work environment; and (5) the employer failed to correct the harassment after being made aware." *Haywood v. Brennan*, No. 2:18-cv-02473-MSN-cgc, 2021 WL 3885083, at *10 (W.D. Tenn. Aug. 31, 2021) (citing *Willey v. Slater*, 20 F. App'x 404, 406 (6th Cir. 2001)). Lewis has failed to allege facts that might allow the Court to infer the first and third elements of this claim. As discussed above, Lewis does not allege that he is a member of a Title VII-protected class, nor does he even mention race, color, religion, sex, or national origin in any of his filings. Furthermore, all the alleged acts of discrimination by the VA took place before Lewis made his initial contact with ORM on December 16, 2022, such that the alleged harassment could not have been "due to [his] prior protected activity." As a result, Lewis's retaliatory hostile work environment claim should be dismissed.

9

## **RECOMMENDATION**

For the foregoing reasons, this Court recommends that Defendant's Motion for Judgment on the Pleadings should be granted and that all of Plaintiff's claims against Defendant should be dismissed with prejudice.

Respectfully submitted this 19th day of August, 2022.

> s/Annie T. Christoff
> ANNIE T. CHRISTOFF
> UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.