IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **MARCELLUS W. LEWIS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02355-JTF-atc |
| ) | |
| **DENIS MCDONOUGH, Secretary of** ) | |
| **Veterans Affairs,** ) | |
| ) | |
|     **Defendant.** ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion for Judgment on the Pleadings ("R & R"), submitted August 19, 2022. (ECF No. 34.) Plaintiff Marcellus Lewis filed a *pro se* complaint alleging Title VII discrimination and retaliation on May 26, 2021. (ECF No. 1.) Defendant Denis McDonough filed a Motion for Judgment on the Pleadings on August 1, 2022. (ECF No. 32.) Lewis filed a response on August 17, 2022. (ECF No. 33.) The R & R recommends dismissing Lewis's claim due to a failure to allege necessary elements of a Title VII claim. Plaintiff filed objections to the R & R on August 26, 2022. (ECF No. 35.) For the following reasons, the R & R should be **ADOPTED**, and Plaintiff's claims **DISMISSED** with prejudice.

The R & R's Proposed Findings of Fact are an accurate representation of the facts taken in the light most favorable to the plaintiff and are hereby **ADOPTED** and reproduced in relevant part below:

1

>The alleged discriminatory acts took place between November 29, 2019, and December 13, 2019. Lewis reported an issue about his co-worker Paul Fischer to his supervisor Debra Mayo on November 29, 2019. Eleven days after reporting the issue to Mayo, Fischer began documenting and reporting false allegations to Mayo about Lewis regarding his whereabouts while at work. Fischer's documentation and reporting consisted of a calendar log of Lewis's whereabouts on December 10, 11, and 13, 2019. As a result, Mayo interrogated Lewis about his whereabouts twice, and she retaliated against and threatened him in an email dated December 12, 2019. The retaliatory adverse employment action consisted of reassigning Lewis from "NONCO PACT 12" to "NONCO PACT 04." Lewis's reassignment was made without the proper notice or VA forms, and, according to Lewis, the reassignment was retaliation for his report about Fischer on November 29, 2019. In his Complaint, Lewis does not allege discrimination based on his race, color, religion, sex, or national origin, and he does not allege that he is a member of a protected class recognized by Title VII.

(ECF No. 34, 2-3) (internal citations omitted). The issue Lewis reported Fischer for related to Fischer's personal hygiene and not any claimed discrimination. (*Id.* at 4.)

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. *See* 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x. 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). However, "[w]hen no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes. The district court is not required to review, and indeed "should adopt[,] the findings and rulings of the Magistrate Judge to which no specific objection is filed." *Brown v. Bd. of Educ. of Shelby Cty. Sch.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

Lewis's submitted objections consist of a ten-page statement, which is a reformatted but direct restatement of his original response, and approximately 240 pages of exhibits, also all attached to his original response. At no point does Lewis object to any specific findings of the Magistrate Judge. Instead, Lewis's objections restate his response to the motion, already considered by the Magistrate Judge, which overwhelmingly discussed what he views as violations of a contract between himself, as a member of an employment union, and the defendant. He does not cite to specific sections of R & R or engage with its findings. Lewis's stated claims in this case are brought under Title VII, and the Magistrate Judge's R & R related to analyzing his complaints under Title VII. Lewis did not specifically object to any of this analysis. Without more, the Court can only consider this filing as a general objection and treats this matter as if no objections were filed. *Howard v. Secretary of Health and Human Services,* 932 F.2d at 509 and *McCready*, 113 Fed. App'x. at 49. Lewis brought claims of retaliation and hostile work environment under Title VII. The Magistrate Judge found that these claims should be dismissed based on Lewis's failure to explicitly state whether he belonged to a protected class and failure to allege a causal connection between his membership in a protected class and any adverse employment action. (ECF No. 7.)

On the retaliation claim, the R & R notes that "the Record before the Court for purposes of the Motion is devoid of any allegations or evidence that Lewis suffered discrimination based on his race, color, religion, sex, or national origin; that he is a member of a Title VII-protected class; or

3

that he engaged in Title VII-protected activity prior to the VA's alleged discriminatory conduct." (ECF No. 34, 8-9.) Lewis's objections again note his claim that he has a medical disability, but the Magistrate Judge correctly found that "receipt of a medical accommodation, even if it is based on a disability, is not relevant to the Title VII analysis." (*Id.* at 9.) The Court finds no clear error, agrees with the Magistrate Judge, and in the absence of any specific objection by Plaintiff, finds that the R & R's findings regarding the retaliation claim should be adopted. *Brown*, 47 F. Supp. 3d at 674.

On the retaliatory hostile work environment claim, the R & R notes that "Lewis has failed to allege facts that might allow the Court to infer the first and third elements of this claim. As discussed above, Lewis does not allege that he is a member of a Title VII-protected class, nor does he even mention race, color, religion, sex, or national origin in any of his filings. Furthermore, all the alleged acts of discrimination by the VA took place before Lewis made his initial contact with [the Office of Resolution Management] on December 16, 2022, such that the alleged harassment could not have been 'due to [his] prior protected activity.'" (ECF. No. 34, 9.) Lewis's objections do not dispute these findings beyond restating his claim that he has a medical disability and asserting violations of the union contract that are not relevant to the Title VII analysis. Again, the Court finds no clear error, agrees with the Magistrate Judge, and in the absence of any specific objection by Plaintiff, finds that the R & R's findings regarding the retaliation claim should be adopted. *Brown*, 47 F. Supp. 3d at 674.

## CONCLUSION

Accordingly, the Court adopts the Magistrate Judge's report and recommendation that the initial complaint be **DISMISSED** for failing to state a claim.

**IT IS SO ORDERED** this 20th day of September, 2022.

4

                ***s/John T. Fowlkes, Jr.***
                JOHN T. FOWLKES, JR.
                United States District Judge